UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
LASALLE BANK, N.A., AS TRUSTEE FOR
THE REGISTERED HOLDERS OF J.P. MORGAN
CHASE COMMERCIAL MORTGAGE
SECURITIES CORP., COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2004-PNC1,

                Plaintiff

v.

BILLTECH EQUITY PARTNERS, LLC, ET AL.,

                Defendants.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CIVIL ACTION NO.:
09-10942-EFH

## **MEMORANDUM AND ORDER**

November 3, 2010

HARRINGTON, S.D.J.

      A hearing on the Motion to Approve Sale, filed by Francis C. Morrissey, the duly-appointed receiver in this case on August 31, 2010, was held on November 3, 2010. An Objection of LifeLinks, Inc., to Sale of Property Located at 847 Rogers Street, Lowell, Massachusetts to Competing Bidder was filed on November 1, 2010, objecting to the sale of the property to the only other bidder who appeared at the auction, 847 Rogers Street, LLC ("RS"). A Reply of 847 Rogers Street, LLC to Objection of LifeLinks, Inc., to Sale of Property Located at 847 Rogers Street, Lowell, Massachusetts to Competing Bidder was filed on November 2, 2010.

On October 29, 2010, the Receiver conducted an auction of the property, at which the Competing Bidder, RS, submitted the highest bid for the property, agreeing to acquire it for $2.5 million.

Upon review of the Objection of LifeLinks, Inc., and the Reply of RS and after oral argument, the Court dismisses the Objection on the ground that LifeLinks, Inc., has failed to present any factual support whatsoever for seeking to set aside and/or delay RS' successful bid for the property.  LifeLinks, Inc., merely alleges that the circumstances surrounding the auction raise significant questions regarding its integrity – specifically, whether the Competing Bidder had access to confidential financial information concerning LifeLinks and its initial bidding strategy that gave it unfair advantage in the bidding.  This allegation is unsupported by any evidence.  RS' Reply is incorporated by reference in this Memorandum and Order and fully sets forth the grounds for the Court's decision.  The Creditor strongly supports the granting of the Receiver's Motion to Approve Sale.

Therefore, the Court grants the Motion of the Receiver for an Order (1) Approving Sale of Real Property Located at 847 Rogers Street, Lowell, Free and Clear of All Liens, Claims, Interests and Encumbrances; (2) Authorizing and Approving Purchase Sale Agreement and (3) Granting Related Relief.

SO ORDERED.

/s/ Edward F. Harrington  
EDWARD F. HARRINGTON  
United States Senior District Judge